# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-102-FDW

| | |
|---|---|
| RONALD McCLARY, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| FNU KALINSKI, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). He is proceeding *in forma pauperis*, (Doc. Nos. 6).

## I.     BACKGROUND

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 while incarcerated at the Alexander Correctional Institution.[1] He names as Defendants the following Alexander C.I. personnel: Dr. Kalinski, Nurse Supervisor Fox, and Dietician Lor.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff has health conditions including pre-diabetes, high blood pressure, an enlarged prostate, and bladder problems. Plaintiff takes 15 medications and must eat a proper diet with proper portions and the right nutrition and vitamins. He did not receive two medications during May including 60 pills for his bladder problem and 30 pills for his prostate. Plaintiff has been on a special diet for 10 years for his medical conditions.

On May 14, 2018, Defendant Kalinski signed off for Plaintiff to go on Nutri-Loaf for seven

---

[1] Plaintiff's address of record is at the Scotland Correctional Institution.

1

days, from May 15 to May 30, 2018, while knowing that Petitioner is on a special diet, has conditions including high blood pressure and pre-diabetes, Nutri-Loaf would and did harm his health, and which no other doctor would approve. Plaintiff, who was already underweight, lost more than eight pounds in a 10-day period between the date he arrived at Alexander C.I. on May 4 and 14, 2018. Kalinski has not seen Plaintiff in seven weeks despite sick calls.

Defendant Fox met with Kalinski and agreed to the Nutri-Loaf despite having Plaintiff's medical records and seeing that he is on a special diet and that Nutri-Loaf would be bad for him. Fox was made aware of the need to see Plaintiff on sick call and ignored every sick call request for seven weeks. Plaintiff had not been seen on sick call as of the filing of the Complaint. Fox failed to explain the lack of pills during May and is responsible as nurse supervisor. Plaintiff informed Fox that he needed these medications and had missed the entire month of May. Defendant Lor also met with Kalinski and Fox and approved Nutri-Loaf yet other dieticians would not approve it, knowing it would harm his health.

Plaintiff alleges that he got sick from the Nutri-Loaf, and that his diet and missing pills during May caused stomach problems, pain, lost weight, and increased urination, for which he received no treatment for seven weeks. He seeks compensatory and punitive damages.

## II.    SCREENING STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

"[T]he Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," and "forbids the unnecessary and

3

wanton infliction of pain." Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) (internal quotation marks omitted). Deliberate indifference to serious medical needs of prisoners "constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).

The deliberate indifference standard has two components. The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 241 (internal quotation marks omitted). An actionable deliberate indifference claim does not require proof that the plaintiff suffered an actual injury. Instead, it is enough that the defendant's actions exposed the plaintiff to a "substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) (deliberate-indifference standard requires prisoner to "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions" (citation omitted)). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3d Cir. 1970)). A mere delay or interference with treatment can be sufficient to constitute a violation of the Eighth Amendment. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009). In such cases, in addition to establishing that his medical need was objectively serious, a plaintiff also must show that the delay in providing medical care caused him to suffer

4

"substantial harm." Webb v. Hamidullah, 281 Fed. Appx. 159, 166 (4th Cir. 2008).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106. To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976).

Plaintiff's claims that Defendants deprived him of a medically sufficient diet and prescribed medications, and failed to allow him to seek treatment when he requested sick call after becoming ill for a period of seven weeks are plausible and will be permitted to pass initial review.

## VI. CONCLUSION

For the reasons stated herein, the Complaint has passed initial review and will be permitted to proceed.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint will proceed against Defendants Kalinski, Fox, and Lor.

5

2. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants Kalinski, Fox, and Lor who are current or former employees of NC DPS.

Signed: October 16, 2018

Frank D. Whitney
Chief United States District Judge