# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:18-cv-00102-MR

| | |
|---|---|
| RONALD McCLARY, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> MARTA KALINSKI, et al., ) </br> ) </br> Defendants. ) </br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on Defendant Marta Kalinski M.D.'s Motion to Dismiss [Doc. 25].

I.  **BACKGROUND**

The Plaintiff Ronald McClary, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 for the violation of his civil rights while incarcerated at the Alexander Correctional Institution ("Alexander C.I."). [Doc. 1]. The Complaint asserts claims of deliberate indifference to a serious medical need against Alexander C.I. employees Marta Kalinski, M.D. ("Dr. Kalinski"), Christina Fox ("Nurse Supervisor Fox"), and Cassandra S. Lor ("Dietician Lor"). [Doc. 10]. Dr. Kalinski now moves to dismiss the claims against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 25].

## II. STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering the Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. When considering a motion to dismiss, the Court is obligated to construe a *pro se* complaint liberally, "however inartfully pleaded[.]" Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540 (4th Cir. 2017), cert. denied, 138 S. Ct. 755 (2018) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)), cert. denied, 138 S. Ct. 755 (2018).

Although the Court must accept any well-pleaded facts as true and construe such facts liberally, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement...." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007);

see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III. FACTUAL BACKGROUND

Construing the well-pled factual allegations of the Complaint as true and drawing all reasonable inferences in the Plaintiff's favor, the following is a summary of the relevant facts.

At the time of the events alleged, the Plaintiff was a state prisoner in the custody of the North Carolina Department of Public Safety – Division of Adult Correction at Alexander C.I. [Doc. 1 at 2]. The Plaintiff alleges that Dr. Kalinski, while acting in her official capacity, directed that the Plaintiff be fed Nutraloaf for a period of seven days, despite knowing that the Plaintiff required a special diet due to a number of medical conditions, including hypertension, pre-diabetes, GERD, and H. Pylori. [Id. at 4]. The Plaintiff alleges that as a result of the foregoing conduct by Dr. Kalinski, he experienced stomach problems, pain, loss of weight, and increased urination. [Doc. 1 at 8].

The Plaintiff further alleges that from the time that he arrived at Alexander C.I. on May 4, 2018, to the date of the filing of the Complaint, he had not been seen by Dr. Kalinski, even though he has an "enlarged prostate and a bladder problem" and had requested a series of sick calls. [Id. at 4].

## IV. DISCUSSION

### A. Plaintiff's Claim of Deliberate Indifference

Dr. Kalinski first moves to dismiss the claims against her on the grounds that the Plaintiff has failed to state a claim for deliberate indifference under the Eighth Amendment.

Under 42 U.S.C. § 1983, a plaintiff may bring a cause of action for a violation of the "cruel and unusual punishments" clause of the Eighth Amendment to the United States Constitution for deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To prove such a claim, the plaintiff must show: (1) that he had a serious medical need, which is an objective inquiry, and (2) that the defendant acted with deliberate indifference to that need, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citation and internal quotation marks omitted).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994);

5

Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). A mere delay or interference with treatment can be sufficient to constitute a violation of the Eighth Amendment. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009). However, allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard — a showing of mere negligence will not meet it.").

In the Complaint, the Plaintiff alleges that he suffers from a number of serious, chronic, and documented medical conditions that required a special diet. He alleges that Defendant Kalinski approved him for a seven-day Nutraloaf diet despite those conditions while knowing that the Nutraloaf diet "would and did harm [the Plaintiff's] health." [Doc. 1 at 4]. Based on these allegations, the Plaintiff has sufficiently alleged that Dr. Kalinski was deliberately indifferent to his serious medical needs by approving him for a Nutraloaf diet in light of those conditions, that she did not follow up to check on him, and that his health deteriorated as a result of the Nutraloaf diet. Accordingly, Dr. Kalinski's Motion to Dismiss for failure to state a deliberate indifference claim will be denied.

### B. Qualified Immunity

Dr. Kalinski also argues in her motion to dismiss that, to the extent that Plaintiff asserts any claims against her in her individual capacity, such claims are barred by the doctrine of qualified immunity because Plaintiff cannot establish any constitutional violation. For the reasons set forth above, the Court cannot conclude at this stage that no constitutional violation occurred. Accordingly, Dr. Kalinski's motion to dismiss based on qualified immunity is also denied.

### C. Exhaustion of Administrative Remedies

Next, Dr. Kalinski argues that dismissal of the claims against her is appropriate because the Plaintiff has failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust any "available" administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to all inmate suits about "prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). The exhaustion requirement is mandatory in cases under § 1997e(a). Id. at 524. Although the PLRA does not define the term "available," the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no

7

fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Although exhaustion of administrative remedies is a mandatory prerequisite to filing suit, an inmate is not required to allege exhaustion of remedies in his complaint. Jones v. Bock, 549 U.S. 199, 216 (2007); see also Moore, 517 F.3d at 725 ("[I]nmates need not plead exhaustion, nor do they bear the burden of proving it."). Rather, the failure to exhaust administrative remedies is an affirmative defense that a defendant must raise. Jones, 549 U.S. at 216. Only where the failure to exhaust is "apparent from the face of [the] complaint" may the Court dismiss an action for failure to exhaust administrative remedies. Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

Here, the Plaintiff alleges that he attempted to file a grievance but that the grievance "got ripped up" by a staff member. [Doc. 1 at 11]. Accepting these allegations as true and drawing all reasonable inferences in the Plaintiff's favor, the Court cannot say that it is "apparent" on the face of the Complaint that the Plaintiff failed to exhaust the administrative remedies available to him. Accordingly, Dr. Kalinski's motion to dismiss based on the Plaintiff's failure to exhaust administrative remedies is denied.

### D. Claims of Medical Malpractice

Finally, Dr. Kalinski argues that, to the extent that the Plaintiff's Complaint purports to make any claims for medical negligence under North Carolina law, such claims must be dismissed due to the Plaintiff's failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.

The Complaint does not appear to contain a claim of medical negligence or malpractice and the Court did not exercise supplemental jurisdiction over any such claim in its Order on initial review. [See Doc. 10]. Further, in responding to the Motion to Dismiss, the Plaintiff expressly disclaims any attempt to state a claim for medical malpractice. [See Doc. 30 at 4 ("Plaintiff has stated a claim of deliberate indifference and (not) medical malpractice.")].

As the Plaintiff has not attempted to state any medical malpractice claims under North Carolina law and in fact has disclaimed making any such claims, Dr. Kalinski's motion to dismiss any medical malpractice claims asserted in the Complaint is denied as moot.

### V. CONCLUSION

For all the foregoing reasons, Dr. Kalinski's Motion to Dismiss is denied.

9

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that Defendant Marta Kalinski M.D.'s Motion to Dismiss [Doc. 25] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 21, 2019

Martin Reidinger
United States District Judge